**FILED**
JAMES J. VILT JR,
CLERK
5/20/2021

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**Sydney Taylor**                                                                                         **Plaintiff**

v.                                                                                      3:19-cv-206 -BJB-RSE

**State Farm Mutual Automobile Insurance Co.**                                          **Defendant**

### Jury Instructions

\*\*\*

### DUTIES OF THE JURY

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the legal elements, or questions, that must be determined to decide the claim in question.

You have two main duties as a juror: The first is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way. Your second duty is to take the law that I give you and to apply it to those facts.

My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between parties of equal standing, of equal worth, and holding the same or similar stations in the community. All parties stand equal before the law and are to be treated as equals.

You are to consider only the evidence in the case. Unless I instruct you otherwise, the

evidence in the case consists of the sworn testimony of the witnesses (regardless of who called the witness), all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to. Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

The Rules of Evidence ordinarily do not permit witnesses to testify about their opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses who, by education or experience, have become experts in some art, science, profession or calling, may also state the reasons for their opinions. You should consider each expert opinion received in this case and give it as much weight as you think it deserves. You are free to consider an expert's education and experience when evaluating their testimony. You may also consider any and all reasoning given by an expert. As with testimony from other witnesses, you are free to believe everything that an expert has said, only part of it, or none of it at all.

As a reminder, the Plaintiff has the burden of proving his case against the Defendant by what is called a "preponderance of the evidence." This means that. the Plaintiff must produce evidence that, considered in light of all the facts, persuades you that what the Plaintiff claims is more likely true than not true.

The Defendant, Sydney Taylor has alleged that the September 21, 2017 automobile collision was a substantial factor leading to—in other words, was a legal cause of—her injuries. The injuries Plaintiff seeks recovery for do not include her FCR tendonitis. In regard to that allegation, the Plaintiff must therefore produce evidence that, considered in light of all the facts, leads you to believe that her allegations are more likely true than not.

The term "preponderance of the evidence" does not, of course, require proof to an absolute certainty. In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases, such as this one. So you should disregard it.

## RULES OF LAW

### INSTRUCTION NO. 1

You will find for the Plaintiff if you are satisfied from the evidence that the September 21, 2017 automobile collision was a substantial factor in causing Plaintiff's injuries.

The injuries Plaintiff seeks recovery for do not include Plaintiff's FCR tendonitis.

### INSTRUCTION NO. 2

If you find for the Plaintiff, you will award her a sum of money, based on the evidence, that will fairly and reasonably compensate her for whatever pain and suffering you believe the evidence shows that she has sustained or is reasonably certain to sustain as a result of the injuries Plaintiff seeks recovery for.

You may not award damages based on pain and suffering caused by Plaintiff's FCR tendonitis.

Past pain and suffering: $ _____ (not to exceed $300,000)

Future pain and suffering $ _____ (not to exceed $300,000)

## JURY DELIBERATIONS

Upon returning to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial, but you should not rely on the notes as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and unaided memory are equally significant. Jurors should not be influenced by another juror's notes.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you possibly can do so without going against your individual judgment. You must each decide this case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you become convinced it is wrong. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

Your verdict or answer to any question must be unanimous. All eight members of the jury must agree on every answer to the questions and on the verdict.

The verdict form below has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, fill it out according to the jury's decision. You will then tell the officer and return with your verdict to the courtroom. All eight of you must unanimously agree on the verdict.